United States District Court
Southern District of Texas
**ENTERED**
May 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANA PAOLA PENA-ZUNIGA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-00773 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Respondents' Motion to Reconsider (ECF No. 10), filed on February 9, 2026. On February 13, 2026, Respondents notified the Court that Petitioner was released on bond. The Court agrees with Respondents that the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), issued on February 6, 2026, impacts Petitioner's case. Pursuant to that decision, Petitioner was properly subject to mandatory detention under § 1225(b)(2). Therefore, Respondents' Motion to Reconsider is **GRANTED IN PART**.

However, the Court now finds that Petitioner's re-detention after previously being released on her own recognizance violated her procedural due process rights. ECF No. 1 at 3, 7. The Court addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6.

1

The relief ordered by this Court on February 5, 2026, is consistent with the relief granted by this Court in similar cases after finding a due process violation. Therefore, the Court will not disturb Petitioner's release on bond. The Court therefore **ORDERS** as follows:

1. Petitioner shall be permitted to remain at liberty, and the Immigration Judge's bond decision of February 9, 2026, shall not be disturbed.

2. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community.

As no issues remain to be litigated, the Clerk of Court is directed to administratively close this case.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 7th day of May, 2026.

_____
Keith P. Ellison
United States District Judge